815 F.2d 80
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles TAYLOR, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 Nos. 86-5376, 86-6023.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1987.
 
 Before LIVELY, Chief Circuit Judge, JONES and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant appeals from two separate orders of the district court granting summary judgment in favor of the Secretary on two separate claims for disability and supplemental security income benefits. The cases have been consolidated on appeal. For the reasons set forth below, we affirm both district court decisions.
 
 
 2
 Certain facts are applicable to both cases on appeal. Claimant was born August 16, 1950. He has an eighth grade education and past relevant work experience as a funeral car driver-attendant, truck and boxcar loader, security guard, coal mine operator, and policeman. He alleges disability from a May 5, 1981 work-related back injury. In addition to his back problem, claimant alleges poor vision and emotional problems. The following facts are relevant to the individual cases.
 
 No. 86-5376
 
 3
 A de novo hearing was held before an Administrative Law Judge (ALJ) on claimant's first claim on August 5, 1982. At that time, claimant was 31 years old, 5'10" tap, and weighed 218 pounds. Although claimant testified that he was "almost blind" in his left eye, the medical reports indicated that his vision was correctible to 20/30 in the right eye and 20/50 in the left eye. On the basis of this medical evidence, the ALJ determined that the claimant's vision did not constitute a severe impairment.
 
 
 4
 With respect to claimant's complaint of emotional problems, the ALJ noted that claimant is neither undergoing treatment nor taking any medication for the alleged condition. The only evidence that such a problem exists, other than claimant's testimony that he suffers from "nervousness" and a quick temper, is Dr. Begley's opinion that there is a psychosomatic component to claimant's chronic back complaints. The ALJ also found that the emotional problems did not constitute a severe impairment.
 
 
 5
 In his testimony, claimant stated that his primary problem was constant pain in his lower back and legs, accompanied by numbness in his legs and hands. He indicated that he has to lay down regularly and takes Extra-Strength Tylenol for the pain. Claimant was hospitalized for six days following his back injury in May 1981. He was diagnosed at that time as having a lumbar disc protrusion. Tests revealed some paravertebral muscle spasm, no neurological dysfunction, and positive straight leg raising inconsistent with nerve root compression. Four months after discharge, on September 14, 1981, claimant stated that his condition had improved. At that time, he still had positive straight leg raising at 300 on the right and walked with a sight limp.
 
 
 6
 On September 24, 1981, claimant was examined by Dr. Stevens and diagnosed as having persistent lumbar disc syndrome. He had gross limitation of back motion and positive straight leg raising but no definite neurologic deficits.
 
 
 7
 Claimant was evaluated for three days in late October 1981 at the University of Kentucky Medical Center. The diagnosis was a bilateral herniation of the nucleus pulposus at L4-L5. A myelograph revealed a consistent ventral epidural defect. He also had positive straight leg raising on the right and decreased right ankle jerk.
 
 
 8
 Two orthopedic surgeons examined claimant in mid-March 1982. Dr. Sweeney noted severely limited motion of the lumbar spine, but negative straight leg raising and intact deep tendon reflexes. Sweeney recommended surgery after looking at the myelographic evidence of the herniated nucleus pulposus. Claimant apparently cancelled surgery out of anxiety. Dr. Bell reported that x-rays revealed only minimal narrowing of lumbosacral disc space. Overall, he was not particularly impressed by the objective medical findings. The diagnosed lumbosacral strain and possible nerve root irritation.
 
 
 9
 Claimant was twice examined by Dr. Begley, first on June 30, 1982, and subsequently on September 28, 1982. After the first exam, Begley noted restricted range of motion in the lumbar spine, slight atrophy of the right thigh, and muscle spasm. He read the x-rays to reveal very minimal scoliosis and osteoarthritis of the lower lumbar area. He diagnosed claimant as having chronic low back strain with a possible partially ruptured disc and marked psychosomatic overlay. He concluded that claimant was totally disabled from any manual labor but retained a functional capacity for sedentary work. Following the second examination, however, Dr. Begley concluded that claimant was disabled from any work. There is no indication why his medical opinion changed and the ALJ noted that the objective findings had not changed.
 
 
 10
 Finally, claimant was examined by a neurosurgeon, Dr. Norwood, on August 9, 1982. Dr. Norwood also reported decreased sensation bilaterally and slight atrophy of the right thigh. He likewise diagnosed herniated nucleus pulposus of L4-L5.
 
 
 11
 The ALJ found that claimant had a severe impairment (the back injury) and that he was precluded from performing ordinary manual labor. However, the ALJ concluded that claimant's testimony of disabling pain was incredible and that he retained the residual functional capacity to perform sedentary employment. The ALJ also characterized claimant's most recent employment as a small town police officer as "sedentary" and stated that claimant could still perform that job. Accordingly, the ALJ denied benefits. The district court granted summary judgment for the Secretary and claimant appealed. However, the district court explicitly rejected the ALJ's characterization of the past employment as a policeman as sedentary.
 
 No. 86-6023
 
 12
 On December 5, 1983, claimant filed another claim for benefits based on the same underlying injury. Again the claim was denied initially and on reconsideration, and came before an ALJ in a de novo hearing. The ALJ's decision considered and recounted all of the above medical evidence and the following new evidence.
 
 
 13
 On March 15, 1983, and again on January 3, 1984, claimant was examined at the request of the Secretary by Dr. Rutledge. Dr. Rutledge's medical findings and conclusions after the second exam were that claimant had low back strain with limited range of back motion, positive straight leg raising, some indication of nerve impairment, slight atrophy of right thigh, exogenous obesity, and marked psychosomatic overlay. His diagnosis was herniation of the nucleus pulposus. Dr. Rutledge also noted that he observed claimant walking in the parking lot after the exam, and although he had a slight limp and list to the right, it was nothing like his walk while in the doctor's office.
 
 
 14
 Claimant was examined by yet another physician, Dr. Matheny, on May 26, 1984. Dr. Matheny noted low back thrust pain, bilateral paraspinous muscle splinting, depressed deep tendon reflexes, positive straight leg raising, some nerve deficit in the legs, and an inability to rise from a squat without help. The doctor's diagnosis was degenerative disc disease with a herniated nucleus pulposus at L4-L5.
 
 
 15
 The conclusion of disability examiners and medical consultants who reviewed the medical records was that claimant had no serious sensory, reflex or motor deficits, and while there is some hack pain, range of motion is only partially limited.
 
 
 16
 The ALJ found that claimant's back impairment was severe and that he was disabled from all forms of manual labor, as well as all of his past jobs. He also found that claimant's refusal to have corrective surgery on his back was not unreasonable given the risk and uncertainty involved. See 20 C.F.R. Sec. 404.1530 (1986). However, he only partially credited the testimony of claimant and his wife as to the severity of claimant's pain, finding that claimant was not disabled from all work, but rather was able to perform sedentary functions. Again, the ALJ denied benefits, the Secretary adopted the decision, and the district court granted the Secretary's motion for summary judgment. Claimant's appeals from the two decisions were consolidated for consideration in this court.
 
 
 17
 Appellate review of the Secretary's final decision to deny disability benefits is limited to determining whether substantial evidence in the record taken as a whole supports the Secretary's findings. 42 U.S.C. Sec. 405(g) (1982). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951.).
 
 
 18
 The initial problem we confront in this consolidated appeal is that claimant has not clearly set forth the issues or specifically described the grounds on which the judgments of the district court and the final decisions of the Secretary are challenged. We interpret claimant's briefs and argument to raise a two-pronged attack: first, that the medical evidence established that claimant's impairment met or equalled section 1.05(C) of the Listing of Impairments, 20 C.F.R. Part. 404, Subpart P., App. 1 (1986); and second, that the Secretary's ultimate determination that claimant had the residual functional capacity to perform a full range of sedentary work and, therefore, given his age and education, was not disabled under the grid, id., App. 2, sections 201.24 and 202.17, is not supported by substantial evidence. In our analysis of these issues, we confine our attention to the severe lower back impairment, for the specific findings that the alleged poor vision and emotional problems do not constitute severe impairments are unassailable. Farris v. Secretary of Health and Human Services, 773 F.2d 85, 89 (6th Cir. 1985).
 
 
 19
 Pursuant to 20 C.F.R. Sec. 404.1525(a) (1986), an impairment meeting one of the listed impairments in Appendix 1 is "considered severe enough to prevent a person from doing any gainful activity." In this regard, the listed impairment at section 1.05(C) describes:
 
 
 20
 Vetebrogenic disorders (e.g., herniated nucleus pulposus ...) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 21
 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 22
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 23
 Since the numerous medical examinations of claimant over the years have resulted in largely conflicting findings and diagnoses on many of the symptoms listed in subparts 1 and 2 above, the ALJ was justified in turning to medical consultants and advisors to review and interpret the medical records. As stated above, the opinions of these consultants and advisors were that claimant "does experience back pain, but there is only some limitation of motion, [and] no severe sensory, reflex or motor problems ...." No. 86-6023 Rec. at 18. Accordingly, we find that there is substantial evidence in the record to support the Secretary's determination that claimant did not meet or equal an impairment listed in Appendix 1.
 
 
 24
 Turning to the second issue, that of claimant's residual functional capacity, we note that the primary dispute is over the degree of pain that claimant experiences. Of course, pain alone may establish a disability for purposes of the Act. Kirk v. Secretary of Health and Human Services, 667 F.2d 924, 538 (6th Cir. 1981). Furthermore, lay testimony, when supported by medical evidence, may sufficiently establish disabling pain. 42 U.S.C. Sec. 423(d)(5)(A) (Supp. III 1985); Hurst v. Secretary of Health and Human Services, 753 F.2d 517, 519 (6th Cir. 1985).
 
 
 25
 Admittedly, claimant does have consistent objective indications of a painful back impairment. These objective findings would undoubtedly support a finding of disabling pain if one were made; but they do not require such a finding. Since none of the examining physicians rendered an express opinion as to the extent of claimant's pain, and the nonexamining medical consultants did not give an opinion as to the degree of pain from their review of the records, the ALJ's were left to judge credibility for themselves. They looked to the type of pain reliever claimant took (nonprescription), his demeanor on the witness stand, his wife's demeanor, and the observation of Dr. Rutledge that claimant walked differently in his medical office than he did in the parking lot. Both ALJ's found that claimant had the residual functional capacity to perform sedentary work because neither the back impairment itself nor the pain resulting from it precluded him from such work. While we concede that it is a close question, we hold that these conclusions are supported by substantial evidence.
 
 
 26
 In cases like this where the credibility of the claimant's subjective assertions of pain is squarely at issue, the observations and recorded impressions of the hearing officer are entitled to a great deal of deference. To that extent, the second ALJ offered the following insight:
 
 
 27
 The subjective testimony was only fairly credible, being exaggerated in the sense that his pain was of such severity that he could not perform any level of work. The claimant appears to be poorly motivated in being a productive worker in competitive employment. There is some feeling in the mind of the undersigned that the claimant has a significant emotional overlay that interferes with his motivation to work. He was injured on the job, received worker's compensation for a period and then a settlement, and he has not tried to work since. There is some feeling in the mind of the undersigned that the claimant feels that he is disabled by virtue of having received the compensation. However, the evidence is to the contrary. The claimant does have discomfort at times and cannot perform heavy physically demanding work, but he is not precluded from the types of [sedentary] work listed above. He has been advised to have surgery on his back and his refusal to submit to such surgery is understandable in view of the risks that are involved and the difficulty in prognosticating in this type of situation because of the individual variance. However, the claimant's testimony did not evidence severely restricted activities or any restriction in his ability to withstand customary work pressures, and the claimant must be found not disabled.
 
 
 28
 No. 86-6023 Tr. 20. Claimant has not persuaded us, either in his briefs or at argument, that the above observation is in any way inaccurate. Accordingly, the judgments of the district court in these consolidated cases are AFFIRMED.